Publication of this proposal does not mean that the Court will issue an order on the subject, nor does it imply probable adoption in its present form. Timely comments will be substantively considered, and your assistance is appreciated by the Court.

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments on this proposal may be sent to the Supreme Court Clerk within 60 days after it is published in the Michigan Bar Journal. When filing a comment, please refer to our file number 91-28.

*Order Entered October 15, 1991:*

BEVAN v BRANDON TOWNSHIP, No. 86358. On order of the Court, the Court, on its own motion, amended paragraph 1, part IV, to read as follows:

We turn now to the question whether enforcement of the township's ordinance amounts to an unconstitutional regulatory taking. As already indicated, that inquiry requires us to consider whether the challenged ordinance substantially advances a legitimate governmental interest and, if so, whether it denies the owners economically viable use of their land. *Nollan, supra,* 483 US 825. [438 Mich 385, 397-398 (1991).]

*Rehearings Denied October 17, 1991:*

LOCRICCHIO v THE EVENING NEWS ASSOCIATION, No. 86351. Reported at 438 Mich 84.

POLKOW v CITIZENS INSURANCE COMPANY OF AMERICA, No. 87617. Reported at 438 Mich 174.

RILEY, J. I would grant the motion for rehearing.

THE UPJOHN COMPANY v NEW HAMPSHIRE INSURANCE COMPANY, Nos. 86906-86908. Reported at 438 Mich 197.

DOMAKO v ROWE, No. 89257. Reported at 438 Mich 347.

*Order Entered October 22, 1991:*

*In re* PARR, No. 92410. On order of the Court, the petition for relief is considered and, by stipulation of the parties, Lyle H. Parr (P 18663) is enjoined from practicing law until December 31, 1992, or until further order of the Supreme Court, whichever is first. The clerk is

directed to seal the file in this matter, except that this order is to remain public.

*Leave to Appeal From Attorney Discipline Board Denied October 28, 1991:*

GRIEVANCE ADMINISTRATOR v DAJOS, No. 92376. In the absence of any objection by the Grievance Administrator, the motion to vacate the automatic stay of MCR 9.122(C) is granted.

Reconsideration denied January 31, 1992.

*Leave to Appeal From Attorney Discipline Board Denied November 8, 1991:*

GRIEVANCE ADMINISTRATOR v LAKIN, No. 91133. The stay granted pursuant to MCR 9.122(C) is to remain in effect until twenty-one days after the effective date of this order.

LEVIN, J. I would reduce the discipline imposed to a reprimand.

*Order Entered December 9, 1991:*

*In re* APPORTIONMENT OF THE STATE LEGISLATURE—1992 (NEFF v SECRETARY OF STATE), No. 92092.

On order of the Court, the complaint for initiation of original proceedings is considered. Pursuant to MCR 7.316(A)(7), we treat the complaint as one for the exercise of this Court's general superintending control. Const 1963, art 6, § 4. With the complaint so treated, we order as follows:

1. We assign Hon. HAROLD HOOD, presiding, and Hon. T. John Lesinski and Hon. William R. Peterson as judges to serve as a special panel of masters for the purpose specified in this order.

2. Unless the Legislature by January 15, 1992, by a statute approved by the Governor with immediate effect enacts a law adopting a reapportionment plan, we direct this special panel to submit to this Court no later than February 15, 1992, a plan for redistricting and reapportionment of state legislative election districts.

3. Proceedings pursuant to this order shall commence as soon as possible after the issuance of this order. The special panel shall have the powers of a circuit court, and may permit the intervention of other persons or groups.

4. Except as otherwise required by constitution or by law, the criteria to be employed in adopting a plan are those set forth in *In re Apportionment of State Legislature—1982,* 413 Mich 96, 141-142 (1982). However, we intimate no opinion with respect to the range of allowable population divergence (see *Mahan v Howell,* 410 US 315 [1973], and *Brown v Thomson,* 462 US 835 [1983]), or with respect to the application of the Voting Rights Act (see *Thornburg v Gingles,* 478 US 30 [1986]).